AMERICAN DIAMOND ROCK-BORING Co. *v.* SHELDON and others.[1]

SAME *v.* SUTHERLAND FALLS MARBLE Co.

SAME *v.* GILSON and others.

*(Circuit Court, D. Vermont. December 9, 1885.)*

1. PATENTS FOR INVENTIONS—REISSUE—INFRINGEMENT.
    Original letters patent No. 39,235, of July 14, 1863, had a single claim. It was reissued in No. 3,609, October 26, 1869, with four claims. *Held*, following the ruling in *American Diamond Drill Co.* v. *Sullivan M. Co.*, 21 Fed. Rep. 74, there is no claim in the reissue, or set of claims, that covers the same invention as the original and no more, and no claim of the reissue that is within the claim of the original and covers the infringement.

2. SAME—ENLARGED CLAIM IN REISSUE.
    Although the defendants' device would have infringed the claim of the original patent if in force, and was also covered by an enlarged claim of the reissue, it was held that the enlargement of the claim by a reissue six years after the original rendered such claim invalid, according to the series of later decisions on reissued patents.

3. SAME—ENLARGEMENT OF CLAIM—INFRINGEMENT.
    Reissued letters patent No. 3,609, of October 26, 1869, compared with its original, No. 39,235, of July 14, 1863, and *held*, that the first claim of said reissue was invalid because of unwarranted enlargement, and that the second, third, and fourth claims were not infringed by defendants.

4. SAME—PRACTICE.
    This was a rehearing granted on condition that an accounting then being had before a master should not be prejudiced thereby, (24 Fed. Rep. 375,) and the bill is now dismissed without prejudice to such proceedings in case of an appeal from and a reversal of this decree.

In Equity.

*Edward G. Thompson* and *Benjamin F. Thurston*, for plaintiff.

*Edwin T. Rice* and *Aldace F. Walker*, for defendants.

WHEELER, J. These causes have been reheard, pursuant to the granting of the motion for that purpose. 24 Fed. Rep. 374. It still appears that Leschot made a valuable invention, which he patented in original letter No. 39,235, dated July 14, 1863, the substance and principle of which the defendants have made use of, as has been be-

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

fore held in these cases. 17 Blatchf. 208, 303; 2 Fed. Rep. 353. The patent was reissued in No. 2,609, dated October 26, 1869, to his assignee. The material question now is whether the reissue, or any part of it, is valid to cover this infringement.

The original had a single claim for a tool for boring or cutting rock or other hard substances, composed of an annular or tubular stock or crown, armed with a series of diamonds, and operating substantially as in the specification specified. It was there described as operating by being fastened to a tubular boring-bar, having a rotary and a direct forward motion, through which a stream of water could be injected to wash out and carry away the *detritus* produced. The specification is not added to in the reissue, except to state in the description of what the invention consists in that it consists also in the combination with the described boring-tool of the tubular boring-bar, whereby motion is imparted to the boring-head, and through which a stream of water is forced. This combination was described before, when the description of the tool, and of its connection with and operation by the boring-bar was given, although it was not called a combination: and the calling it a combination, or the statement that the invention consisted also in this combination, does not appear to vary the prior description in effect.

The reissue has four claims, and the claim of the original is not in terms reproduced in either. The first is for a continuously revolving and progressing boring-head, having projecting diamond points, in combination with a tubular boring-bar, substantially as and for the purposes specified. The second is for the row of cutting edges, when attached to a revolving boring-head so as to project beyond the circumference thereof, for the purposes specified. The third is for a revolving and progressing boring-head having cutting points projecting beyond the periphery thereof, in combination with a hollow central drill-rod through which water is forced or passed. The fourth is for a series of cutting edges arranged in the face and upon the outer and inner peripheries, respectively, of a tubular or annular bit or boring-head, substantially as and for the purposes specified. The defendants have used, during the life of the reissue, a conical boring-head, armed with diamonds set flush with the periphery and in various places on the conical surface, so as to cut away the whole core, formed upon an annular stock, connected with and operated by a tubular boring-bar, through which, and through the annular stock and holes in the boring-head, water was passed to wash out and carry away the *detritus* produced by a rotary and a direct forward motion given to the boring-head by the boring-bar. This was Leschot's invention, without the diamonds projecting circumferentially beyond the periphery, and with the addition of the central portion armed with diamonds for cutting away the whole core. A substantial part of Leschot's invention, as patented in his original patent, appears to have been taken by this use; and although taken to be improved upon,

the taking would nevertheless appear to have been an infringement of the original patent, if in force.

It is argued that separable claims of the reissue cover the same invention as the original and no more. If so, such claims would seem to be as valid as the original, and would be infringed by whatever would infringe that. *Gage* v. *Herring*, 107 U. S. 640; S. C. 2 Sup. Ct. Rep. 819; *Reed* v. *Chase*, 25 Fed. Rep. 94. As the second claim is limited to a row of cutting edges when attached to a revolving boring-head so as to project beyond the circumference, and the third to a combination of a hollow drill-rod with a boring-head having cutting points projecting beyond the periphery; and the fourth to a series of cutting edges arranged upon a tubular or annular boring-head, and the defendants have not used cutting edges or points projecting beyond the circumference or periphery of a boring-head, nor a tubular or annular boring-head,—the defendants have not infringed either of those claims as they are made, and they may be laid out of further consideration.

The first claim is not for a tool operating substantially as specified, as the claim of the original patent is; and does not, therefore, take in the operation including the means of operation, as that claim might; but is for the combination of any boring-head having projecting diamond points with merely a tubular boring-bar. It leaves out the injection of water through the boring-bar from the combination, which the claim of the original might cover, and leaves out the limitation of that claim to an annular boring-head, and extends the combination to that extent beyond what the original would cover. This enlargement of the claim, so long after the original, is not valid according to the series of later decisions upon reissued patents, as now understood. The combination is an entirety, not separable from what the original would cover. The statute in force when this patent was first granted, giving patentees the right to maintain an action for infringement of such parts of their inventions as were *bona fide* their own, as well as that in force when the reissue was granted, and now, carefully limited the right to such material and substantial parts of the thing patented as could be definitely distinguished from the parts claimed without right. Act of 1837, *c.* 45, (5 St. at Large, 191, § 9;) Rev. St. § 4922; *Gage* v. *Herring*, 107 U. S. 640; S. C. 2 Sup. Ct. Rep. 819. The part of this claim that might cover the infringement is blended with, and not separable or distinguishable from, the rest. There is no claim in the reissue, or set of claims, that covers the same invention as the original and no more, and no claim of the reissue that is within the claim of the original and covers the infringement. These considerations lead to the same result that was reached upon the same patent in *American Diamond Drill Co.* v. *Sullivan M. Co.*, 21 Fed. Rep. 74. A decree dismissing the bill of complaint necessarily follows; but upon the conditions, as to saving what has been done upon the accounting in case of an ap-

peal and reversal, which were made on granting the rehearing. Let a decree be entered dismissing the bill of complaint without prejudice to the accounting had, in case of reversal on appeal.